UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMAINE DION WASHINGTON, JR.,

Plaintiff,

v.

SACRAMENTO COUNTY SHERIFF DEPARTMENT, *et al.*,

Defendants.

Case No. 2:26-cv-2206-JDP (P)

ORDER

Plaintiff, a detainee in the Sacramento County Jail, brings this action under section 1983 and alleges that defendants violated his rights in connection with two unrelated incidents. Unrelated claims against more than one defendant belong in separate lawsuits. I will dismiss the complaint with leave to amend so that plaintiff may bring only related claims. Additionally, I will grant his application to proceed *in forma pauperis*. ECF No. 2.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

As an initial matter, plaintiff's complaint is somewhat difficult to read due to his handwriting. Additionally, it does not explain how each of the named defendants were involved in violating his rights. In his amended complaint, plaintiff should take care to ensure his handwriting is legible and his claims against each defendant are plainly stated.

Next, as noted above, plaintiff's complaint contains two unrelated claims. First, he alleges that an officer used excessive force against him by closing a food port on his hand. ECF No. 1 at 3. In conjunction with this excessive force claim, plaintiff claims that he was afforded inadequate medical care for the injury to his finger caused by the excessive force incident. *Id.* at 5. The

complaint also contains an entirely unrelated claim concerning jail conditions, however. Plaintiff complains that he reported issues with plumbing, air conditioning, and ventilation in the jail and these concerns were not addressed. *Id.* at 7. These conditions of confinement claim bear no apparent relation to the excessive force and medical care claims. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: August 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE